IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KATRINA CISSELL, ) | |
| ) | |
| Plaintiff, ) | Case No. ____ |
| ) | |
| v. ) | |
| ) | TRIAL BY JURY DEMANDED |
| PENN NATIONAL GAMING, INC., ) | |
| d/b/a/ HOLLYWOOD CASINO ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, Katrina Cissell, by and through her undersigned counsel, and for her causes of action against the defendant, Penn National Gaming, Inc., d/b/a/ Hollywood Casino St. Louis, states as follows:

### PARTIES & JURISDICTION

1. As this case involves matters of federal question, this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331.

2. Plaintiff, Katrina Cissell, is a resident and citizen of Edwardsville, Illinois, and was employed by Defendant from September of 2017 until November 8, 2019.

3. Defendant is a corporation incorporated under the laws of Pennsylvania, with its principal place of business in Pennsylvania.

4. The conduct at issue took place at the Hollywood Casino St. Louis located at 777 Casino Center Drive in Maryland Heights, Missouri.

5. Defendant is registered to do business in the State of Missouri with its registered agent located at CT Corporation System, 120 South Central Avenue in Clayton, Missouri.

**COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT (29 U.S.C. § 2615)**

1. Plaintiff incorporates each and every allegation contained in paragraphs one through five above as paragraphs one through five of this Count I.

2. Plaintiff was employed by Defendant until her termination on November 8, 2019.

3. Until her termination, Plaintiff was at all times meeting her employer's legitimate expectations.

4. At all times material to this action, Defendant employed more than 50 employees and is a covered employer under the Family and Medical Leave Act.

5. Plaintiff suffered from medical conditions and complications relating to pregnancy when she took intermittent leave under the Family and Medical Leave Act in October of 2019.

6. Plaintiff gave proper notification to her employer, and her employer was otherwise aware of Plaintiff's condition.

7. Plaintiff was informed on November 8, 2019, that she was being terminated and was not provided a legitimate reason for her termination.

9. Plaintiff would have been able to return to work on November 8, 2019, and fulfill all of the essential functions of her job.

10. Defendant's termination of Plaintiff constituted willful discrimination and retaliation against Plaintiff because:

    (a)    Plaintiff had an FMLA qualifying condition;

    (b)    Defendant was aware of Plaintiff's FMLA qualifying condition; and

    (c)    Plaintiff was terminated while she was on FMLA.

11. Defendant's conduct is actionable under 29 U.S.C. §§ 2615 and 2617.

12. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

    (a) the loss of her employment, including future pay and fringe benefits; and

    (b) great mental and emotional stress, anxiety, and humiliation.

13. By virtue of the willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff prays for reinstatement and award of front pay, an award for lost back wages and for compensatory, liquidated, and punitive damages, and an award for emotional distress, an award for prejudgment and post-judgment interest, an award of Plaintiff's costs for reasonable attorney's fees, and whatever other relief, legal and equitable, to which Plaintiff may be entitled.

### COUNT II – VIOLATION OF TITLE VII/PREGNANCY DISCRIMINATION ACT

1. This cause of action arises out of Defendant's discriminatory conduct, policies, and practices concerning accommodations in the workplace for pregnant employees. Defendant's policies and practices constitute discrimination under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act (hereinafter "PDA"), 42 U.S.C. §§ 2000e(k).

2. On May 8, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Missouri Human Rights Commission alleging that Defendant had engaged in systematic sex and pregnancy discrimination through its policies and practices concerning workplace accommodation for pregnant employees in violation of federal and state civil rights laws.

3. Plaintiff received her Right to Sue Notice from the EEOC within 90 days of the filing of this Complaint. *See* Exhibit A.

4. Plaintiff began working for Defendant in September of 2017 as a server and was promoted to bartender around May of 2018.

5. Plaintiff was and remained qualified to perform her duties as a bartender.

6. While working for Defendant, Plaintiff became pregnant.

7. Defendant knew that Plaintiff was pregnant because Plaintiff advised her direct supervisor, Latasha Harris, that she was pregnant in August of 2019.

8. Immediately after disclosing her condition, Plaintiff's supervisor began reprimanding Plaintiff for conduct which other non-pregnant employees for which were not disciplined.

9. Further, Plaintiff's supervisor began making discriminatory comments to Plaintiff, including but not limited to "We noticed you've been slower, seems like pregnancy has taken a toll," and "I've been pregnant before and still have to do my job."

10. As Plaintiff's pregnancy progressed, she began experiencing complications and applied for intermittent FMLA in October of 2019.

11. On October 30, 2019, Plaintiff fainted while working for Defendant.

12. An emergency medical technician attended to Plaintiff and advised Plaintiff that she needed to remain seated in an office area or call an ambulance.

13. Once Plaintiff felt normal again, the emergency medical technician instructed Plaintiff to go home.

14. Plaintiff's treating physician advised her that she needed to take intermittent FMLA to recover from the episode.

15. On November 8, 2019, Plaintiff was terminated for missing work due to her medical conditions related to pregnancy and her FMLA.

16. Plaintiff inquired to her supervisor if she would still have been able to remain employed if she had not fainted, and her supervisor advised that she would have been able to remain employed if she had not fainted.

17. Defendant has a long history of not accommodating and discriminating against its pregnant employees.

18. Plaintiff is a member of a protected class within the meaning of 42 U.S.C. § 2000e, *et seq.*

19. Defendant's conduct, policies, and practices as set forth herein denied Plaintiff her right to equal employment opportunity in violation of Title VII and the PDA's requirement that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work. . . ." *See* 42 U.S.C. § 2000e(k).

20. Defendant refused to accommodate pregnant employees but accommodated other non-pregnant employees despite their similarity and in ability and inability to work.

21. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

   (a) the loss of her employment, including future pay and fringe benefits; and

   (b) great mental and emotional stress, anxiety, and humiliation.

WHEREFORE, Plaintiff prays for reinstatement and award of front pay, an award for lost back wages and for compensatory, liquidated, and punitive damages, and an award for emotional distress, an award for prejudgment and post-judgment interest, an award of Plaintiff's costs for reasonable attorney's fees, and whatever other relief, legal and equitable, to which Plaintiff may be entitled.

### COUNT III – VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

1. This cause of action arises out of Defendant's discriminatory conduct, policies, and practices concerning accommodations in the workplace for pregnant employees. Defendant's conduct, policies, and practices constitute discrimination under the Missouri Human Rights Act (hereinafter "MHRA").

2. On May 8, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Missouri Human Rights Commission alleging that Defendant had engaged in systematic sex and pregnancy discrimination through its policies and practices concerning workplace accommodation for pregnant employees in violation of federal and state civil rights laws.

3. Plaintiff received her Right to Sue Notice from the EEOC within 90 days of the filing of this Complaint. *See* Exhibit A.

4. Plaintiff began working for Defendant in September of 2017 as a server and was promoted to bartender around May of 2018.

5. Plaintiff was and remained qualified to perform her duties as a bartender.

6. While working for Defendant, Plaintiff became pregnant.

7. Defendant knew that Plaintiff was pregnant because Plaintiff advised her direct supervisor, Latasha Harris, that she was pregnant in August of 2019.

8. Immediately after disclosing her condition, Plaintiff's supervisor began reprimanding Plaintiff for conduct which other non-pregnant employees for which were not disciplined.

9. Further, Plaintiff's supervisor began making discriminatory comments to Plaintiff, including but not limited to "We noticed you've been slower, seems like pregnancy has taken a toll," and "I've been pregnant before and still have to do my job."

10. As Plaintiff's pregnancy progressed, she began experiencing complications and applied for intermittent FMLA in October of 2019.

11. On October 30, 2019, Plaintiff fainted while working for Defendant.

12. An emergency medical technician attended to Plaintiff and advised Plaintiff that she needed to remain seated in an office area or call an ambulance.

13. Once Plaintiff felt normal again, the emergency medical technician instructed Plaintiff to go home.

14. Plaintiff's treating physician advised her that she needed to take intermittent FMLA to recover from the episode.

15. On November 8, 2019, Plaintiff was terminated for missing work due to her medical conditions related to pregnancy and her FMLA.

16. Plaintiff inquired to her supervisor if she would still have been able to remain employed if she had not fainted, and her supervisor advised that she would have been able to remain employed if she had not fainted.

17. Defendant has a long history of not accommodating and discriminating against its pregnant employees.

18. Plaintiff is a member of a protected class within the meaning of the MHRA, Mo. Rev. Stat. 213.055.

19. Defendant's conduct, policies, and practices as set forth herein denied Plaintiff her right to equal employment opportunity in violation of the MHRA.

20. Defendant refused to accommodate pregnant employees but accommodated other non-pregnant employees despite their similarity and in ability and inability to work.

21. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

    (a) the loss of her employment, including future pay and fringe benefits; and

    (b) great mental and emotional stress, anxiety, and humiliation.

WHEREFORE, Plaintiff prays for reinstatement and award of front pay, an award for lost back wages and for compensatory, liquidated, and punitive damages, and an award for emotional distress, an award for prejudgment and post-judgment interest, an award of Plaintiff's costs for reasonable attorney's fees, and whatever other relief, legal and equitable, to which Plaintiff may be entitled.

Respectfully submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/   Angie M. Zinzilieta
Angie M. Zinzilieta, #69783(MO)
900 Hillsboro Ave., Suite No. 10
Edwardsville, Illinois 62025
Phone: (618) 692-0011
Fax:    (618) 692-0022
Email: wendlerlawpc@gmail.com
*Attorney for Plaintiff*